IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Angeles, LLC | ) | |
| | ) | |
| Plaintiff | ) | C.A. No.:5:25-cv-463 |
| | ) | |
| v. | ) | |
| | ) | |
| Bering Yachts, LLC; Bering Yacht Sales, LLC; Hysucat USA, Inc.; Bering Marine, LLC; Bering Naval Yatcilik Sanayi Ticaret Limited Sirketi dba Bering Naval Yachts; Bering Naval; Serbest Bölge Şubesi; Bering Naval Yatçılık Sanayi Ticaret Limited Şirketi Üçüncü Şubesi; Management Yatçılık Sanayi ve Ticaret Limited Şirketi; New Technologies Yatçılık Sanayi ve Ticaret Limited Şirketi; Setup Marine Mühendislik Elektrik Elektronik Otomasyon Yazılım Tekne Bakım Onarım Sanayi ve Ticaret Limited Sirketi; Bering Yachts Bulgaria Ltd.; Bering Yachts Bulgaria Shipyard Ltd.; Seagull Turizm Ticaret ve Sanayi Limited Sirketi; Alexei Mikhailov aka Alexey Mikhaylov aka Alexey Borisovich Mikhailov; Natalya Viktorovna Mishina; Aleksandr Viatkin aka Alexander Vyatkin aka Alexandr Viatkin aka Alexander Gennadievich Vyatkin; Olga Kibireva; Larry Williams; Alexander Kholyavskiy; John Doe Corporations 1–5 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** |
| Defendants | ) | |

**RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Come now those defendants served and represented by and through the undersigned counsel (as set out in its Notice of Appearance) and respond to the Plaintiff's Motion for Entry of Default and its proposed Order entering Default as to these defendants. In support of this response Defendants show the Court:

1. From the date that this civil action was commenced, counsel was in almost continuous contact with the then counsel for Plaintiff. Extensive negotiations were undertaken in attempts to conclude a satisfactory settlement among the parties. Without disclosing details of those negotiations, it was agreed among counsel that in view of likely motions by defendants which would need to be timely filed by defendants upon entering appearance in the case and which would be detrimental to Plaintiff in achieving settlement, it was specifically agreed that defendants would refrain from entering appearance and filing responsive pleadings until some future date to be determined and agreed among the parties. Included in the settlement drafts were agreement that the present action would be dismissed without defendants entering appearance or further pleading.
2. Negotiations continued through about September 24, with results believed by both sides to be positive to the point that documents, including documents such as escrow agreements for purposes of implementation the underlying agreement had been prepared. As late as September 30, counsel for Plaintiff was still anticipating settlement.
3. On October 6, 2025, former counsel notified counsel for defendants that with immediate effect they would no longer be representing Plaintiff and other affected parties.
4. Soon thereafter new counsel advised that the earlier negotiations were being reviewed. Nothing was heard until October 23 when further demands were made on defendants which include a statement that _if_ (emphasis added) Defendants refused the additional demands, "Counsel will proceed with the litigation pending and "[Plaintiff] will amend the Complaint...." The implication understood was that if Defendant agreed to meet the additional demands the existing agreement would continue.
5. Defendant agreed to meet the additional demands, Plaintiff did not amend its Complaint, and Plaintiff did not notify Defendant that it must enter appearance and respond to the Complaint as originally drafted by prior counsel.
6. Subsequently Plaintiff and Defendant parties (direct and not through counsel) cooperated in procedures for meeting the additional demands while also negotiating for a full settlement. Those negotiations continued up until the end of November.
7. In response to the Clerk's notice Plaintiff has filed its Motion for Entry of Default and

tendered a proposed Order. While counsel for Defendants recognizes the intent of the Court to require parties to move litigation forward in a timely manner, in view of the complexity of this case, which will be clear from the filing of motions and other pleadings should this be necessary, the original intent of the parties to resolve their differences amicably was well grounded and entered into in good faith as was the benefit to the Plaintiff of Defendants not entering appearance and filing motions and pleadings. Given reasonable time, the defendants who have been served are willing to file appropriate motions and pleadings in response to Plaintiff's Complaint.

8. Defendants believe that in the interest of judicial economy and fairness, the filing of responsive pleadings by the parties should be consolidated to the greatest extent possible and that this can best be achieved by setting a common and appropriate date for all motions and pleadings to be concluded when service of process has been obtained against most, if not all, named defendants. Defendants who have been served suggest that if the Court allows Plaintiff an additional 90 days to complete service, that the defendants which have been served be granted until the earlier of ninety (90) days from the date of the Order allowing the extension or 21 days after all presently unserved defendants are served. As an effective stay, additional time now would most likely allow consolidation with a saving in time not only for the parties but for the Court.

9. In the alternative, the served defendants, who have relied on mutual agreements with counsel and developments based thereon, pray that the Plaintiff's Motion For Entry of Default be denied and that the served Defendants be granted an extension of 21 days or such time deemed reasonable by the Court to respond to the present Complaint as filed.

Respectfully submitted, this 8th day of December, 2025

/s/ James F. Jordan
Jordan Law Offices, P.A.
11013 Farmwood Drive
Raleigh, NC  27613
Telephone: (919) 426-8051
Email: jfj@jordanlaw-nc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via electronic and/or U.S. Mail, postage prepaid, on this December 8, 2025 to:

Heather Howell Wright
Buchalter, A Professional Corporation
1 Music Circle South, Suite 300
Nashville, lTN  37203

Email: hwright@buchalter.com

Attorney for Plaintiff Angeles, LLC